MEMORANDUM DECISION AND JUDGMENT ENTRY.
Raising three assignments of error, defendant-appellant LaTonya Noland appeals from her conviction for possession of cocaine, in violation of R.C. 2925.11(A), following a trial to the court. First, she claims that the finding of guilt was against the manifest weight of the evidence. Second, she asserts the trial court erred by reviewing testimony from the hearing on her motion to suppress that was not separately admitted into evidence at the trial itself. Third, she alleges ineffective assistance of counsel predicated upon her trial counsel's failure to object to the court's use of the suppression-hearing testimony. We do not find merit in any of the assigned errors and accordingly affirm the trial court.
On March 14, 1997, the police received an anonymous tip that drugs were being stored in Noland's Cincinnati apartment. Four police officers went to Noland's residence to investigate. The officers discovered a bag containing forty-two grams of crack cocaine concealed in a bathroom vent. They also found a digital scale and a police scanner hidden in Noland's bedroom.
Noland sought to suppress the items found in the search, in a motion that the court overruled. Noland waived her right to a jury trial. During the bench trial, Noland's trial counsel attempted to show discrepancies between the officers' testimony given during the motion-to-suppress hearing and their testimony given at trial. At the close of the case, the trial court reviewed the officers' testimony from the hearing on the motion to suppress. After reviewing that transcript, the court found Noland guilty and imposed the minimum sentence of three years of incarceration. We have sua sponte removed this cause from the accelerated calendar.
In her first assignment of error, Noland claims her conviction was against the manifest weight of the evidence adduced at trial. Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Tibbs v. Florida (1982),457 U.S. 31, 37-38, 102 S.Ct. 2211, 2216; State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547, citingState v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720. The court was entitled to reject Noland's contention that the cocaine was not hers. Noland argues that others, including her boyfriend and the customers of her at-home hair-cutting business, could have placed the cocaine in her bathroom vent. Conflicts in the evidence, however, including the credibility of the witnesses, were primarily for the trier of fact to resolve. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The court was entitled to draw the reasonable inference that Noland was in possession of the cocaine found in her apartment. The first assignment of error is overruled.
Noland next asserts the trial court erred when it relied upon testimony from the motion-to-suppress hearing in determining Noland's guilt, because this testimony was not admitted into evidence at the trial. Noland did not object to the court's use of the testimony at the trial. The failure to advise a trial court of a possible error at a time when the error could have been avoided or corrected results in a waiver of the issue for purposes of appeal. State v. Awan (1986), 22 Ohio St.3d 120,489 N.E.2d 277; see, also, Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121, 679 N.E.2d 1099, 1103. The plain-error rule is an exception to the waiver doctrine and provides that if an error affects substantial rights, an appellate court may take notice of an otherwise waived error. Crim.R. 52(B). However, the Supreme Court of Ohio has held that "Crim.R. 52(B) may not be invoked to exclude allegedly prejudicial testimony to the admission of which no objection was made at trial as a deliberatetactic of counsel." State v. Wolery (1976), 46 Ohio St.2d 316,328, 348 N.E.2d 351, 360 (emphasis added).
We hold here that the failure to object was a deliberate tactic of counsel. On several occasions at trial, counsel questioned the police officers about prior statements they had made during the motion-to-suppress hearing. Counsel's strategy was to impeach their testimony at trial with their prior inconsistent statements. Noland argues that the trial court's review of the very testimony counsel relied on to impeach the officers' trial testimony was prejudicial. She cannot now resort to Crim.R. 52(B) to negate the effect of this tactical decision. State v.Wolery, paragraph three of the syllabus. The second assignment of error is overruled.
Finally, Noland claims that her trial counsel's failure to object to the trial court's use of the motion-to-suppress testimony deprived her of the effective assistance of counsel guaranteed by the federal constitution. Noland's trial counsel and court-appointed appellate counsel are one and the same. Although it is somewhat troublesome for appellate counsel to characterize his own performance at trial as ineffective, we are convinced that his trial performance did not undermine the fundamental fairness of the proceeding.
To state a claim for ineffective assistance of counsel, an appellant must first show that counsel's performance was deficient, and, second, that the deficient performance was so prejudicial that she was denied a reliable and fundamentally fair proceeding. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; Lockhart v. Fretwell (1993), 506 U.S. 364,369-370, 113 S.Ct. 838, 842-843.
We decline to characterize counsel's failure to object as ineffective assistance of counsel. As noted in the second assignment of error, the failure to object to the trial court's review of the motion-to-suppress transcript was a tactical decision and can hardly be characterized as deficient. Counsel clearly sought to benefit Noland through impeachment of the officers' testimony. Trial counsel's performance did not deny Noland a fundamentally fair and reliable proceeding. Lockhartv. Fretwell. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 DOAN, P.J., Gorman and Sundermann, JJ.
 To the Clerk:
Enter upon the Journal of the Court on March 5, 1999 per order of the Court _______________________________.
Presiding Judge